**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MSB HOMES LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MINNIE C. WILLIAMS, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-07226-BLF<br><br>**ORDER STRIKING NOTICE OF REMOVAL; TERMINATING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DIRECTING CLERK TO CLOSE FILE**<br><br>[Re: ECF 1, 2] |

On December 20, 2017, pro se Defendant Bruce C. Williams filed a Notice of Removal which purports to remove an unlawful detainer case from the Santa Clara County Superior Court to federal district court. Notice of Removal, ECF 1. The Notice of Removal is without legal effect because at the time it was filed the unlawful detainer action already was pending in this Court pursuant to an earlier Notice of Removal filed by Mr. Williams on November 28, 2017. *See* Case No. 17-cv-06830-BLF. The removal statutes cited by Mr. Williams permit removal of a case from *state court* to federal district court. *See* 28 U.S.C. §§ 1441, 1446. Because Mr. Williams' first Notice of Removal stripped the state court of jurisdiction, there was no state court action to remove when he filed his second Notice of Removal. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) ("[R]emoval jurisdiction ousts state-court jurisdiction."). One cannot remove a case that already has been removed. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006) ("Indeed, the idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical.").

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Notice of Removal (ECF 1) filed December 20, 2017 is STRICKEN;

(2) Mr. Williams' IFP application (ECF 2) is TERMINATED AS MOOT; and

(3) The Clerk shall close the file.

Dated: January 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge